UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHANIE CHANDLER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2108** |
| **HUB INTERNATIONAL<br>MIDWEST, LIMITED, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

## ORDER AND REASONS

Before the Court is Plaintiff Stephanie Chandler's Motion to Remand.[1] For the reasons set forth below, the motion is **GRANTED**.

## BACKGROUND

On July 31, 2014, Plaintiff Stephanie Chandler filed a petition in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, against HUB International Midwest, Limited doing business as HUB International Gulf South ("HUB") and Annette Dowdle ("Dowdle").[2] Plaintiff's petition states that on or about May 3, 2013, Plaintiff began her employment with HUB, an insurance broker.[3] While working for HUB, Plaintiff serviced HUB's client Palm Health Partners ("Palm Health"), including the handling of Palm Health's COBRA obligations.[4] Plaintiff alleges that HUB did not timely send Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA") notices to former employees of Palm Health, which Plaintiff asserts would lead to a denial of Palm Health's employees' COBRA benefits and the potential termination of HUB by Palm Health.[5]

---

[1] R. Doc. 9.
[2] R. Doc. 1-1 at p. 3.
[3] *Id.*
[4] *Id.*
[5] *Id.*

Upon informing management of this issue in July of 2013, Plaintiff alleges she was instructed by her manager Annette Dowdle to backdate the COBRA notices.[6] Plaintiff claims she told Dowdle she would not backdate the notices because she thought doing so would be illegal.[7] Plaintiff was fired on December 19, 2013 and filed suit in state court claiming she was terminated in retaliation for objecting to and refusing to send out backdated COBRA notices.[8]

Plaintiff's petition asserts the following Louisiana state law claims:

(1) Violation of La. R.S. 23:967 [Louisiana's Whistleblower Statute];
(2) Retaliation;
(3) Violation of Article 2315 of the Louisiana Civil Code [Liability for acts causing damage];
(4) Violation of Article 2320 of the Louisiana Civil Code [Vicarious Liability Statute][;]
(5) Failure to supervise employees;
(6) Solicitation;
(7) Hostile work environment; [and]
(8) All other intentional acts or acts of negligence that may be proven at the trial of this matter.[9]

On September 12, 2014, Defendants HUB and Dowdle removed the case to this Court.[10] Defendants assert that, although Plaintiff's claims are drafted as state law claims, they are completely preempted by ERISA and thus may be removed to this Court, regardless of whether Plaintiff uses the word "ERISA" in her petition.[11]

---

[6] *Id.*
[7] *Id.*
[8] *Id.*
[9] *Id.* at p. 4
[10] R. Doc. 1.
[11] COBRA amended ERISA, a federal scheme for regulating employee benefit plans. *See Geissal v. Moore Medical Group*, 524 U.S. 74 (1998) ("The Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) amended the Employee Retirement Income Security Act of 1974 (ERISA) to permit a beneficiary of an employer's group health plan to elect continuing coverage when he might otherwise lose that benefit because of a 'qualifying event,' such as the termination of employment."); *see also Geske v. Williamson*, 80 F. App'x 906, 907 (5th Cir. 2003) (per curiam) (finding a claim seeking damages for failure to pay medical benefits under the COBRA provisions of a policy to be preempted by ERISA).

Defendants claim ERISA's preemption provisions supersede Plaintiff's state law claims because these claims "relate to" an employee benefit plan under ERISA.[12]

On October 3, 2014, Plaintiff filed a motion to remand arguing that this Court does not have subject matter jurisdiction and the matter should be remanded because (1) Plaintiff has not alleged any federal causes of action, and (2) "[r]egulation of health insurance is specifically reserved to the states under 15 U.S.C. § 1012, and exempted from the ERISA preemption doctrine under the 'saving clause.'"[13] Defendants contend removal was proper because Plaintiff's state law claims would not exist if it were not for Plaintiff's actions with respect to the COBRA notices, and COBRA only exists by virtue of ERISA.[14] Thus, Defendants argue Plaintiff's state law claims are completely preempted by ERISA and this court has federal question jurisdiction.[15]

On December 2, 2014, after holding a status conference in this matter, the Court, with consent of the parties, allowed Plaintiff to amend her petition by filing a First Amended Complaint in order to clarify her causes of action.[16] The Court also granted Defendants leave to file a supplemental memorandum in opposition to Plaintiff's motion to remand once the amended complaint was filed.[17] At that time, the parties consented to the Court considering Plaintiff's First Amended Complaint in determining whether this case should be remanded to state court.[18] In her First Amended Complaint, Plaintiff

---

[12] R. Doc. 1 at pp. 2–3.
[13] R. Doc. 9 at p. 7.
[14] R. Doc. 10 at pp. 2–3
[15] *Id.*
[16] R. Doc. 13.
[17] *Id.*
[18] *Id.*

removed all mention of COBRA and replaced the term "COBRA notices" with "notices regarding insurance coverage."[19]

## LAW AND ANALYSIS

A defendant may remove an action from state court to federal court if the action is one over which the federal court possesses subject matter jurisdiction.[20] The removing party bears the burden of proving federal jurisdiction exists and thus removal was proper.[21] In order to determine whether jurisdiction exists, the federal court considers the claims in the state court pleadings as they existed at the time of removal.[22] Any doubt as to whether there is removal jurisdiction generally is resolved in favor of remand because removal statutes are usually strictly construed.[23]

Generally under the well-pleaded complaint rule, without the existence of diversity jurisdiction, "a case will not be removable if the complaint does not affirmatively allege a federal claim."[24]

> [A] suit arises under the Constitution and laws of the United States only when the plaintiff's statement of his own cause of action shows that it is based upon those laws or that Constitution. It is not enough that the plaintiff alleges some anticipated defense to his cause of action and asserts that the defense is invalidated by some provision of the Constitution of the United States.[25]

---

[19] R. Doc. 14 at p. 2. The changes made by Plaintiff in her First Amended Complaint do not, however, change the outcome of this motion. Regardless of whether Plaintiff's claims mention COBRA or ERISA by name, Plaintiff does not have standing to file a claim under ERISA § 502(a) because she is not suing as a plan participant, beneficiary, or fiduciary. Typically the Court would analyze each of Plaintiff's state law claims in order to determine if any are completely preempted by ERISA; however, because Plaintiff lacks standing to bring her claims under § 502(a) of ERISA, this Court foregoes the individualized analysis in favor of remand. Remand is the appropriate outcome whether analyzing the pleadings in the original petition filed in state court or the First Amended Complaint filed in federal court.
[20] *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002) (citation omitted).
[21] *Id.* (citations omitted).
[22] *See id.*
[23] *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 339 (5th Cir. 2000).
[24] *Beneficial Nat'l Bank, et al., v. Anderson*, 539 U.S. 1, 6 (2003).
[25] *Id.* (quoting *Louisville & Nashville R. Co. v. Mottley*, 211 U.S. 149, 152 (1908)).

There are, however, a few narrow exceptions to this rule. An important exception is where "Congress 'so completely pre-empt[s] a particular area that any civil complaint raising this select group of claims is necessarily federal in character.'"[26] One such area that completely preempts state law claims is ERISA § 502(a) (29 U.S.C. § 1132), which serves as ERISA's civil enforcement scheme.[27]

Plaintiff brings state law claims as a former employee against her former employer. Defendants argue that since Plaintiff's claims are born from her alleged refusal to carry out violations of ERISA, her state law claims are completely preempted by ERISA, and therefore this Court has subject matter jurisdiction over Plaintiff's claims. Plaintiff argues that no federal claims are asserted against Defendants and the case should be remanded.

ERISA preemption comes in two forms: complete preemption and conflict preemption.[28] Although Defendants assert complete preemption is applicable in this case, neither party briefs the distinction between the two kinds of ERISA preemption.[29] Whereas complete preemption can support removal because it provides federal jurisdiction, conflict preemption alone does not establish federal question jurisdiction because "conflict preemption serves as a defense to a state action."[30] This distinction is determinative of the outcome of this motion.

---

[26] *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (quoting *Metro Life Ins. Co. v. Taylor*, 481 U.S. 58, 63–64 (1987)).
[27] *See id.*
[28] *See id.*
[29] Moreover, Defendants refer to the "relate to" test under § 514 of ERISA in analyzing whether Plaintiff's claims are completely preempted, even though the "relate to" terminology is relevant only to conflict preemption under § 514 and not complete preemption under § 502.
[30] *Giles v. NYLCARE Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999). *See Removal Based on Federal Question Jurisdiction—Removal Based on Complete Preemption*, 14B Fed. Prac. & Proc. Juris. § 3722.2 (4th ed.) ("[C]omplete preemption does not represent merely a difference in the scope of the preemption of a state cause of action by federal law; rather, it is a difference in kind. In concluding that a claim is completely preempted, a federal court finds that Congress desired not just to provide a federal defense to

Complete preemption is jurisdictional in nature, and "[a]s such, it authorizes removal to federal court even if the complaint is artfully pleaded to include solely state law claims."[31] A suit is completely preempted and removable when it "is necessarily federal in character by virtue of the clearly manifested intent of Congress."[32] The Supreme Court has found that Congress intended to make ERISA § 502 the exclusive civil enforcement remedy for violations of ERISA, so "any state-law cause of action that duplicates, supplements, or supplants the ERISA civil enforcement remedy conflicts with the clear congressional intent to make the ERISA remedy exclusive and is therefore pre-empted."[33] Thus, "if an individual, at some point in time, could have brought his claim under ERISA § 502(a)[], and where there is no other independent legal duty that is implicated by a defendant's actions, then the individual's cause of action is completely pre-empted by ERISA § 502(a)[]."[34] If state law claims are completely preempted, the court will recharacterize them as federal claims for relief under ERISA § 502.[35]

Thus, for Plaintiff's claims to be completely preempted such that they are removable, Plaintiff must have standing to sue under § 502 of ERISA. A claim under ERISA § 502 may be brought only by an ERISA plan participant, beneficiary, or fiduciary, or by the Secretary of Labor.[36] In this case, neither party appears to dispute

---

a state law claim but also to replace the state law claim with a federal law claim and thereby give the defendant the ability to seek adjudication of the claim in federal court.").
[31] *Johnson v. Baylor Univ.*, 214 F.3d 630, 632 (5th Cir. 2000) (internal quotation marks and citation omitted).
[32] *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987).
[33] *Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004)
[34] *Id.* at 210. The Fifth Circuit has held that "only complete preemption of a claim under ERISA § 502(a) is required for removal jurisdiction; conflict preemption under ERISA § 514 is not [also] required." *Arana v. Ochsner Health Plan*, 338 F.3d 433, 440 (5th Cir. 2003).
[35] *See Vaden v. Discover Bank*, 556 U.S. 49, 61–62 (2009).
[36] 29 U.S.C. § 1132 (2014); *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1314 (5th Cir. 1994). ERISA defines a participant as "any employee or former employee of an employer . . . who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer." 29 U.S.C. § 1002(7). "The term 'beneficiary' means a person designated by a participant, or by

that Plaintiff's employer, HUB, provides services involving the administration of other companies' ERISA plans. However, Plaintiff is not asserting claims as a participant or beneficiary of HUB's ERISA plan.[37] Therefore, Plaintiff could only have standing to bring claims under § 502 if she is suing as a fiduciary for the purpose of enjoining acts or practices that violate ERISA or the plan's terms or to obtain appropriate equitable relief to redress such violations, enforce ERISA, or enforce the plan's terms.[38]

> [A] person is a fiduciary with respect to a plan to the extent . . . he exercises . . . any authority or control respecting management or disposition of its assets [or] he renders investment advice for a fee or other compensation, direct or indirect, with respect to any moneys or other property of such plan, or has authority or responsibility to do so.[39]

An individual must exercise discretionary authority or control over the management of an ERISA plan to be a fiduciary; an individual who performs clerical or ministerial duties, such as processing claims, is not an ERISA fiduciary.[40] Neither party asserts Plaintiff is a fiduciary. Taking Plaintiff's allegations as true, Plaintiff does not appear to be a fiduciary because she does not exercise discretionary authority and control over the plan or its assets.[41] Because Plaintiff is suing as a former employee and not as an ERISA

---

the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder. 29 U.S.C. § 1002(8).

[37] Nor does any party allege Plaintiff is a participant, beneficiary, or fiduciary of Palm Health's ERISA plan. *See Miller v. Carelink Health Plans, Inc.*, 82 F. Supp. 2d 574 (S.D. W. Va. 2000) (no complete preemption of claims brought by nurse–employee against her employer, which administers ERISA plans, for retaliation because she was suing as a former employee and not as a plan participant, beneficiary, or fiduciary)

[38] For example, a plan participant, beneficiary, or fiduciary may bring an action under § 502(a)(3) to enforce § 510, 29 U.S.C. § 1140, which protects an individual from being retaliated against for exercising ERISA rights or for reporting violations of ERISA. *See* 29 U.S.C. § 1140; *Anderson v. Elec. Data Sys. Corp.*, 11 F.3d 1311, 1314 (5th Cir. 1994). Defendants cite *Anderson* when arguing complete preemption applies in this case. The Fifth Circuit in *Anderson* concluded that a wrongful discharge claim was preempted because it was based on an employee's refusal to carry out violations of ERISA and reporting those violations to management. *Id.* However, unlike in this case, the employee in *Anderson* was both a participant of the ERISA plan and a fiduciary. *Id.*

[39] 29 U.S.C. § 1002(21)(A).

[40] *See Reich v. Lancaster*, 55 F.3d 1034, 1047 (5th Cir. 1995).

[41] This is evidenced by Plaintiff needing to inform her manager of the discrepancies with the COBRA notices rather than rectifying the alleged problem herself.

plan participant, beneficiary, or fiduciary, she could not have brought her claims under § 502 of ERISA. Defendants have failed to meet their burden of proving that complete preemption is a proper basis for removal in this case.

Although Plaintiff's claims are not completely preempted, conflict preemption still may be applicable under ERISA § 514(a)'s (29 U.S.C. § 1144) "broad preemption provision[,] . . . which preempts state laws which 'relate to' an ERISA benefit plan."[42] However, unlike complete preemption, conflict preemption does not establish federal question jurisdiction because "conflict preemption serves as a defense to a state action."[43] Conflict preemption as a defense does not appear on "the face of a well-pleaded complaint" and therefore does not permit removal to federal court.[44] The Fifth Circuit has ruled that

> [w]hen the doctrine of complete preemption does not apply, but the plaintiff's state claim is arguably preempted under § 514(a), the district court, being without removal jurisdiction, cannot resolve the dispute regarding preemption. It lacks power to do anything other than remand to the state court where the preemption issue can be addressed and resolved.[45]

Accordingly, since Defendants have not established that Plaintiff's claims are completely preempted by ERISA and because conflict preemption, should it exist, does not support removal, the Court must remand this case to the Twenty-Fourth District Court for the Parish of Jefferson, State of Louisiana for that court to determine the

---

[42] *Anderson v. Electronic Data Sys. Corp., et al.*, 11 F.3d 1311, 1313 (5th Cir. 1994).
[43] *Giles v. NYLCARE Health Plans, Inc.*, 172 F.3d 332, 337 (5th Cir. 1999).
[44] *Metropolitan Life Ins. Co.*, 481 U.S. at 63.
[45] *NYLCARE Health Plans, Inc.*, 172 F.3d at 337. *See also Marcella v. Ochsner Health Sys.*, No. 10–2323, 2010 WL 4024933 at *2 (E.D. La. Oct. 12, 2010) (Judge Africk); *Lockhead Martin Space Sys. Co.*, No. 10–730, 2010 WL 2545345 at *2 (E.D. La. June 17, 2010); *Omega Hosp., LLC v. Aetna Life Ins. Co.*, No. 08-3713, 2008 WL 4059854 at *2 (E.D. La. Aug. 25, 2008); *Omega Hosp., LLC v. Blue Cross Blue Shield of Ala.*, No. 08-1530, 2008 WL 2510125 at *3 (E.D. La. June 19, 2008).

validity of Defendants' defense that Plaintiff's claims are conflict preempted, in whole or in part, by ERISA.[46]

## CONCLUSION

**IT IS ORDERED** that Plaintiff's Motion to Remand be and hereby is **GRANTED**,[47] and that the above-captioned case is **REMANDED** to the Twenty-Fourth Judicial District Court for the Parish of Jefferson.

New Orleans, Louisiana, this 2nd day of March, 2015.

_____
**SUSIE MORGAN
UNITED STATES DISTRICT JUDGE**

---

[46] Since grounds for remand exist, the Court need not address Plaintiff's argument regarding ERISA's savings clause.
[47] R. Doc. 9.