UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHANIE CHANDLER,**<br>    **Plaintiff** | **CIVIL ACTION** |
| **VERSUS** | **No. 14-2108** |
| **HUB INTERNATIONAL**<br>**MIDWEST, LIMITED, ET AL.,**<br>    **Defendants** | **SECTION "E"** |

**ORDER**

Before the Court is Defendants' Motion for Reconsideration of this Court's March 2, 2015 Order granting Plaintiff's motion to remand.[1] For the reasons that follow, Defendants' motion is DENIED.

On March 2, 2015, the Court granted Plaintiff's motion to remand, agreeing with Plaintiff that the Court lacks subject-matter jurisdiction over this case. The Court found Plaintiff's claims were not completely preempted by § 502 of ERISA, and conflict preemption, should it exist, does not support removal.[2] The day after the order was entered, the Clerk's Office mailed a letter to the state court clerk containing a certified copy of the remand order.[3]

Defendants now request reconsideration of the Court's March 2, 2015 remand order.[4] Defendants contend the Court relied on a legal principle that was not briefed by the parties in deciding to remand this case, and thus Defendants request the Court grant the motion for reconsideration, withdraw its previous order, and deny Plaintiff's motion to remand.

---

[1] R. Doc. 18.
[2] R. Doc. 17.
[3] R. Doc. 17-1.
[4] R. Doc. 18.

1

Finality is paramount in the context of reviewing remand orders.[5] Indeed, 28 U.S.C. § 1447(d) states: "An order remanding a case to the State court from which it was removed *is not reviewable on appeal or otherwise* . . . ."[6] The Fifth Circuit has clarified:

> Appellate courts are precluded from reviewing remand orders issued pursuant to § 1447(c) [lack of subject-matter jurisdiction], by appeal, mandamus, or otherwise. *This is true even if the district court's order was erroneous. The rationale for the rule is that allowing federal appeal of remand orders would delay justice in state courts.*[7]

The Fifth Circuit has determined that, in a case where the district court remands for lack of subject-matter jurisdiction, the order is non-reviewable, and the district court "is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court."[8] This rule is a strict one,[9] so much so that "[e]ven a federal court, persuaded that it has issued an erroneous remand order, cannot vacate the order once entered."[10]

In this case, the Court remanded the action to state court because it determined Defendants failed to meet their burden of proving federal jurisdiction exists, and the

---

[5] *See Barnes v. Allstate Ins. Co.*, No. 07-7656, 2008 WL 425566, at *1 (E.D. La. Feb. 12, 2008) (Feldman, J.)
[6] 28 U.S.C. § 1447(d) (emphasis added).
[7] *Angelides v. Baylor Coll. of Med.*, 117 F.3d 833, 835–36 (5th Cir. 1997) (citations omitted). "The Supreme Court [has] identified one narrow exception to the strict bar to appellate review of remand orders. A remand order may be reviewed where the district court has remanded a case on grounds not authorized by the removal statutes." *Id.* (internal quotation marks and citations omitted). However, this narrow exception does not apply in this case.
[8] *Browning v. Navarro*, 743 F.2d 1069, 1078 (5th Cir. 1984).
[9] *See, e.g., State of Rio de Janeiro v. Philip Morris, Inc.*, 239 F.3d 714, 716 (5th Cir. 2001) (referring to a defendant's attempt to secure review of such a remand order as akin to "escap [ing] the black hole force of a remand for want of jurisdiction"); *Barnes v. Allstate Ins. Co.*, No. 07-7656, 2008 WL 425566, at *1 (E.D. La. Feb. 12, 2008) (Feldman, J.) (stating "[t]his is a strict rule").
[10] *Browning*, 743 F.2d at 1078. The Court notes Defendants in their motion for reconsideration still fail to consider the distinction between complete preemption and conflict preemption in the removal context. They also fail to recognize that "Section 502(a) provides the exclusive enforcement mechanism for section 510 rights." *Bullock v. Equitable Life Assur. Soc. of U.S.*, 259 F.3d 395, 400 (5th Cir. 2001). Additionally, although the parties did not brief the standing issue, the Court notes it had the affirmative obligation to consider whether it had subject-matter jurisdiction *sua sponte*. *See United States v. De Los Reyes*, 842 F.2d 755, 757 (5th Cir. 1988).

clerk mailed the certified copy of the remand order on March 3, 2015.[11] Accordingly, this Court does not have subject-matter jurisdiction to entertain Defendants' motion for reconsideration or to consider the merits of the motion. Accordingly,

IT IS ORDERED that the motion for reconsideration (R. Doc. 18) is DENIED.

New Orleans, Louisiana this 20th day of April, 2015.

*Susie Morgan*
SUSIE MORGAN
UNITED STATES DISTRICT JUDGE

---

[11] R. Doc. 17.